**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

ANTOINE SMITH,

Petitioner,

v. Civil Action No. 3:12CV94

C.E. DAVIS,

Respondent.

**MEMORANDUM OPINION**

Antoine Smith, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Smith has not responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

### A. State Proceedings

A jury sitting in the Circuit Court for the City of Chesapeake, Virginia ("Circuit Court") convicted Smith of grand larceny and conspiracy to commit grand larceny. On October 22, 2008, the Supreme Court of Virginia refused Smith's petition for appeal. Smith v. Commonwealth, No. 081136 (Va. Oct. 22, 2008).

On October 21, 2009, Smith filed a petition for a writ of habeas corpus in the Circuit Court.[1] Petition[ ] for Writ of Habeas Corpus, Smith v. Davis, Warden, No. CL09-2591, at 1 (Va. Cir. Ct. filed Nov. 4, 2009). On June 8, 2011, the Circuit Court denied the petition. Smith v. Davis, Warden, No. CL09-2591, at 1 (Va. Cir. Ct. June 8, 2011).

Smith appealed that decision to the Supreme Court of Virginia. Smith filed his petition for appeal on September 22, 2011,[2] and later asked the Supreme Court to accept his petition as timely filed. Letter, received October 7, 2011, Smith v. Davis, Warden, No. 112002 (Va. filed Oct. 7, 2011). On November 23, 2011, because Smith "failed to timely file the petition for appeal, the [Supreme Court of Virginia] dismisse[d] the

[1] Smith's petition for a writ of habeas corpus contains the stamp "RECEIVED Oct 21 2009 MAILROOM." Smith v. Davis, Warden, No. CL09-2591, Cir. Ct. Rec. at 23 (Va. Cir. Ct. filed Oct 21, 2009). Thus, the Court deems the state habeas petition filed as of that day. See Va. Sup. Ct. R. 3A:25 (West 2009)("Timely filing of a paper by an inmate . . . may be established by (1) an official stamp of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing . . .").

[2] Smith titled this petition as an "Amended Petition for Appeal." Amended Petition for Appeal, Smith v. Davis, Warden, No. CL09-2591, at 1 (Va. Cir. Ct. filed Sept. 22, 2011). Nevertheless, in a later letter to the Supreme Court addressing the timeliness of his petition for appeal, Smith refers to the September 22 filing as his original petition. Letter, received October 7, 2011, Smith v. Davis, Warden, No. 112002 (Va. filed Oct. 7, 2011).

petition." Smith v. Davis, Warden, No. 112002 (Va. Nov. 23, 2011) (citing Va. Sup. Ct. R. 5:17(a)(1)).[3]

**B. Federal Habeas Petition**

On February 3, 2012, Smith filed his § 2254 Petition in this Court. (§ 2254 Pet. 15.)[4] In his § 2254 Petition, Smith contends:

Claim One: Store employees violated Smith's Fourth Amendment[5] rights by searching his vehicle;

Claim Two: Trial counsel provided ineffective assistance by failing to move to suppress video footage from the store;

Claim Three: Trial counsel provided ineffective assistance by not conducting more thorough cross-examination of witnesses; and

Claim Four: Trial counsel provided ineffective assistance by failing to move to suppress evidence that two coats were stolen, and, thus, Smith was guilty of the lesser offense of petit larceny, not grand larceny.

---

[3] "[A] petition for appeal must be filed with the clerk of this Court . . . in the case of an appeal direct from a trial court, not more than three months after entry of the order appealed from . . . ." Va. Sup. Ct. R. 5:17(a) (West 2011).

[4] The Court deems the § 2254 petition filed on the date Smith swears he placed the petition in the prison mailing system. Houston v. Lack, 487 U.S. 266, 276 (1988).

[5] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon a finding of probable cause . . . ." U.S. Const. amend. IV.

## II. ANALYSIS

### A. Statute Of Limitations

Respondent contends that the federal statute of limitations bars Smith's claim. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> **1.** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > **(D)** the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B. Commencement Of The Statute Of Limitations Under 28 U.S.C. § 2244(d)(1)(A)**

Smith's judgment became final on Tuesday, January 20, 2009, when the time to file a petition for a writ of certiorari expired. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); see Sup. Ct. R. 13(1) (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). The limitation period began to run the next day, and 273 days of the limitation period elapsed before Smith filed his state petition for habeas corpus on Tuesday, October 21, 2009. See 28 U.S.C. § 2244(d)(2).

**C. Statutory Tolling**

Here, the limitation period remained tolled until June 8, 2011, when the Circuit Court dismissed Smith's state petition for a writ of habeas corpus. Although Smith pursued an appeal of that decision, the time that Smith's habeas appeal was pending before the Supreme Court of Virginia does not further toll the limitation period because his petition for appeal was not "properly filed" as required to invoke 28 U.S.C. § 2244(d)(2) tolling. To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. (footnote omitted)(citing cases).

Virginia Supreme Court Rule 5:17(a) dictates the timing for a petition for appeal. A petition for appeal that is not filed within the prescribed period, such as Smith's, fails to qualify for statutory tolling. See Hines v. Johnson, No. 2:08cv102,

2009 WL 210716, at *2 (E.D. Va. Jan. 28, 2009) (precluding tolling the time between the state's denial of a habeas petition and the ultimately untimely petition for appeal of that decision); see also Escalante v. Watson, No. 10-7240, 2012 WL 2914239, at *6 (4th Cir. July 18, 2012)(refusing to toll limitation period for the time period where the inmate's defective petition for appeal was pending before the Supreme Court of Virginia).

After the Circuit Court dismissed his state habeas petition, the limitation period ran for another 239 days from June 8, 2011 until February 3, 2012, when Smith filed the present § 2254 Petition. Because the limitation period ran for a total of 512 days before Smith filed his § 2254 Petition, the statute of limitations bars the § 2254 Petition unless Smith demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling. Neither Smith nor the record suggests any plausible basis for equitable tolling or belated commencement of the limitation period.

Accordingly, Respondent's Motion to Dismiss (Docket No. 5) will be granted. The § 2254 Petition will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Smith is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Smith and counsel for Respondent.

An appropriate Order shall issue.

/s/ REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 3, 2013